

#350

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE VERIZON EMPLOYEE BENEFITS COMMITTEE,<br><br>Plaintiff,<br><br>vs.<br><br>EDWARD KOSINSKI, as personal representative for the Estate of Loretta Kosinski, EDWARD KOSINSKI, KASIA KOCKA, and TIMOTHY J. CARMAN,<br><br>Defendants. | CIVIL ACTION NO.<br><br>08 4202<br>FILED<br>AUG 2 9 2008<br>MICHAEL E. KUNZ, Clerk<br>By_____ Dep. Clerk |

**COMPLAINT FOR INTERPLEADER**

Plaintiff The Verizon Employee Benefits Committee, by and through its attorney, Duane Morris LLP, brings this interpleader action against Defendants, Edward Kosinski, as personal representative for the Estate of Loretta Kosinski, Edward Kosinski, Kasia Kocka, and Timothy J. Carman (collectively "the Defendants") and, in support thereof, avers as follows:

**PARTIES**

1. Plaintiff The Verizon Employee Benefits Committee (the "Committee" or "Plaintiff") is the plan administrator and a named fiduciary of the Verizon Pension Plan for Mid-Atlantic Associates (the "Plan") as that term is defined by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). The Committee has delegated the responsibility for the Plan's day-to-day administration to the pension administration department within the human resources department of Verizon Communications Inc. ("Verizon"), which is a Delaware corporation with a principal office located in Basking Ridge, New Jersey.

2. The Plan is a pension plan subject to and covered by ERISA. A true and correct copy of the Plan, excluding tables and exhibits, is attached as Exhibit A.

3. Defendant Edward Kosinski is a citizen of the Commonwealth of Pennsylvania who resides at 870 Green Ridge Circle, Langhorne, Pennsylvania 19053. Upon information and belief, Edward Kosinski is the brother of Loretta Kosinski and is the duly appointed Personal Representative of the Estate of Loretta Kosinski, having been granted letters of administration in or about 2007 by the Register of the Probate of Wills in and for the County of Philadelphia. Edward Kosinski is named as a defendant herein in both his individual capacity and in his capacity as Personal Representative of the Estate of Loretta Kosinski.

4. Defendant Kasia Kocka is a citizen of the Commonwealth of Pennsylvania who on information and belief resides at 117 W. Aarons Square, Aaronsburg, Pennsylvania. Upon information and belief, Kasia Kocka is the sister of Loretta Kosinski.

5. Defendant Timothy J. Carman is a citizen of the Commonwealth of Pennsylvania who resides at 5129 Erdrick Street, Philadelphia, Pennsylvania 19124. Upon information and belief, Timothy J. Carman is a former husband of Loretta Kosinski.

## JURISDICTION AND VENUE

6. This is an interpleader action brought under the authority of Federal Rule of Civil Procedure 22(1).

7. This Court has subject matter jurisdiction in this matter pursuant to 28 U.S.C. §1332, because Plaintiff is of diverse citizenship from all claimants/defendants and the amount in controversy exceeds $75,000.

8. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §1331 as the claim arises under ERISA, 29 U.S.C. §1132.

9. Venue is properly vested in this district pursuant to 28 U.S.C. §1391, because most of the defendants reside in this district and a substantial part of the events giving rise to the claim occurred in this district.

## FACTS

10. At all relevant times, Loretta Kosinski was an employee of Verizon Pennsylvania, an affiliate of Verizon. By virtue of her employment with Verizon Pennsylvania, Loretta Kosinski was a participant in the Plan.

11. Loretta Kosinski died on May 4, 2007. At the time of her death, Loretta Kosinski was unmarried, and was an active employee of Verizon Pennsylvania.

12. A pre-retirement death benefit is payable to Loretta Kosinski's designated beneficiary under the Plan, if any.

13. On November 4, 2000, Loretta Kosinski completed a pension beneficiary designation form naming Timothy J. Carman, who was at that time her spouse, as the sole primary beneficiary of the death benefit under the Plan.

14. On or about May 23, 2006, Ms. Kosinski's divorce from Timothy J. Carman became final.

15. On June 5, 2006, Ms. Kosinski telephoned and spoke to a representative of the Verizon Benefits Center. During that telephone conversation, Ms. Kosinski expressed an interest in changing her pension beneficiary designation by removing Timothy J. Carman as her beneficiary under the Plan. The Verizon Benefits Center representative advised her that such a change must be made in writing, and that the representative would send the appropriate forms to Ms. Kosinski for her review and use.

16. Subsequent to the June 5, 2006 telephone call with Ms. Kosinski, the Verizon Benefits Center representative failed to send a beneficiary designation form for the Plan to Ms. Kosinski.

17. Subsequent to her June 5, 2006 telephone call with the Verizon Benefits Center, Ms. Kosinski did not make any further requests for pension beneficiary designation forms, nor did she make any additional requests for information concerning changing her pension beneficiary designation under the Plan.

18. Accordingly, at the time of Ms. Kosinski's death on May 4, 2007, the only beneficiar designation on file with the Plan for Ms. Kosinski was the designation she had completed in November, 2000, which named Timothy J. Carman as her pension beneficiary.

19. On or about September 14, 2007, the Verizon Claims Review Unit (the "VCRU"), the Plan fiduciary with responsibility for making initial claim determinations under the Plan, sent a letter to Mr. Richard Embery, Esquire, an attorney for Ms. Kosinski's Estate, advising that the Plan had a beneficiary designation form naming Timothy J. Carman as the Participant's beneficiary under the Plan. A true and correct copy of the September 14, 2007 letter is attached as Exhibit B.

20. On or about October 29, 2007, C. George Milner, III, Esquire filed a claim for the pre-retirement death benefit on behalf of Edward Kosinski as personal representative of Ms. Kosinski's estate. In his October 29, 2007 letter, Mr. Milner maintained that prior to her death, Ms. Kosinski had attempted to change her beneficiary election under the Plan to her brother, Edward Kosinski, thereby revoking the continued designation of Timothy J. Carman as the beneficiary under the Plan. A true and correct copy of the October 29, 2007 letter is attached as Exhibit C.

21. By letter dated March 5, 2008, the VCRU denied the claim for a pre-retirement death benefit which had been submitted by Mr. Milner on behalf of Ms. Kosinski's estate. A true and correct copy of the VCRU's March 5, 2008 denial letter is attached as Exhibit D.

22. In a letter dated April 18, 2008, Attorney Milner formally appealed to the Verizon Claims Review Committee (the "VCRC") the VCRU's determination denying the claim for a pre-retirement death benefit which had been submitted on behalf of Ms. Kosinski's estate. A true and correct copy of Attorney Milner's April 18, 2008 appeal letter is attached as Exhibit E. In the April 18, 2008 appeal letter, Mr. Milner suggested that the death benefit should be paid to Edward Kosinski, Ms. Kosinski's brother. In subsequent correspondence during the administrative process, Mr. Milner suggested that he be treated as counsel for Ms. Kosinski's estate and for Edward Kosinski personally. Based on these communications, the VCRC considered the appeal reflected by Mr. Milner's correspondence to be an appeal by Ms. Kosinski's estate and by Edward Kosinski.

23. During the spring and summer of 2008, counsel for the Committee had conversations with Timothy J. Carman and his counsel concerning his potential right to receive a pre-retirement death benefit under the Plan. During those conversations, both Mr. Carman and his counsel indicated that Mr. Carman was asserting a claim to the pre-retirement death benefit under the Plan.

24. In a letter dated August 20, 2008, the VCRC denied the appeal which had been submitted by Attorney Milner. In its August 20, 2008 letter, a copy of which is attached hereto as Exhibit F, in addition to describing the basis for the appeal denial, the VCRU advised Mr. Milner that a competing claim for the death benefit had been received from Mr. Carman, and that

because of these competing claims it had authorized the filing of this complaint in interpleader with respect to the Ms. Kosinski's death benefit.

## CAUSE OF ACTION FOR RELEASE PURSUANT TO
## 28 U.S.C. § 1132 (a)(3)(B)(ii)

25.  Plaintiff incorporates by reference paragraphs 1 through 24 of the Complaint as if fully set forth herein.

26.  28 U.S.C. §1132 (a)(3)(B)(ii) provides that a civil action may be brought "by a participant, beneficiary, or fiduciary . . . to obtain other appropriate equitable relief . . . to enforce any provisions of this title or the terms of the plan."

27.  Plaintiff is a fiduciary as defined by ERISA and exercises discretionary authority and/or control with respect to the management and administration of the Plan and the disposition of the Plan's assets.

28.  As evidenced by the foregoing paragraphs of this Complaint, there are at least three adverse claimants who are claiming or who may claim to be entitled to the Loretta Kosinski's death benefit - - Ms. Kosinski's estate; Edward Kosinski; and Timothy Carman. Defendant Kasia Kocka has been named as a defendant herein because as Loretta Kosinski's sister, she is similarly situated to Edward Kosinski.

29.  Plaintiff cannot safely determine the proper beneficiary of the benefits due and faces the threat of multiple liability.

30.  Despite a colorable claim that the death benefits under the Plan could be deemed to be forfeited to the Plan as a result of the purported revocation of Mr. Carman as beneficiary, Plaintiff claims no title or interest in the proceeds and is ready and willing to pay the same to the person or persons entitled to receive them, but Plaintiff is unable to make that determination without hazard to itself.

31.  There is no collusion now, nor has there been collusion at any time between Plaintiff and Defendants, as to this action or as to the disposition of the death benefits.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment as follows:

(a)  Each of the defendant parties to this action be required to interplead herein in connection with this action and to settle their respective rights to the death benefits in controversy.

(b)  Plaintiff be released from any and all further liability to Defendants in regard to the death benefits under the Plan.

(c)  Defendants be restrained and enjoined from commencing any action in any court against the Plaintiff involving the death benefits under the Plan.

(d)  Any further and additional relief as this Court may deem just and proper.

DATED: August 29, 2008

Respectfully submitted,

DUANE MORRIS LLP

By: _____
James P. Holihan, Esq.
600 Grant Street, 50th Floor
Pittsburgh, PA  15219
Telephone: 412-497-1040
Telecopy: 412-497-1001

Of Counsel:
John A. Reade, Jr., Esq.
Duane Morris LLP
30 South 17th Street
Philadelphia, PA  19103
Telephone: 215-979-1855
Telecopy: 215-979-1020

Anthony L. Gallia. Esq.
30 South 17th Street
Philadelphia, PA  19103
Telephone: 215-979-1127
Telecopy: 215-979-1020