IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE VERIZON EMPLOYEE BENEFITS COMMITTEE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| EDWARD KOSINSKI, ET AL. | : | |
| | : | |
| v. | : | |
| | : | |
| HEWITT ASSOCIATES LLC | : | NO. 08-4202 |

O'NEILL, J.                                                                                             August    3   , 2009

## MEMORANDUM

On August 29, 2008, the Verizon Employee Benefits Committee filed a complaint for interpleader against Edward Kosinski, Kasia Kocka, Timothy J. Carman and Edward Kosinski as personal representative for the Estate of Loretta Kosinski. On November 19, 2008, Carman filed an answer with a counterclaim and cross-claims against the Kosinski estate and its heirs. On the same day, the Kosinski estate and its heirs filed its answer. On December 3, 2008, the Kosinski estate filed an answer to Carman's counterclaim and cross-claims.

On January 28, 2009, Edward Kosinski, as an administrator of the estate and in his own right, filed a motion to bring in a third-party defendant. On January 29, 2009, I granted Kosinski leave to file a third-party complaint. Later that day, Kosinski filed a third-party cross complaint against Hewitt Associates LLC.

Presently before me are Hewitt's motion to dismiss the third-party cross complaint, Kosinski's response, Hewitt's reply and Kosinski's sur-reply thereto.

BACKGROUND

Decedent Loretta Kosinski was an employee of Verizon Pennsylvania and a participant in the Verizon Pension Plan.[1] The pension plan provided for pre-retirement death benefits. On November 4, 2000, decedent designated her then-husband Timothy Carman as the beneficiary of this death benefit. In May 2006, the couple divorced.

Edward Kosinski alleges that decedent called in May 2006 to remove Carman as the recipient of her benefits but was told by the customer service representative to wait until her divorce was final to avoid additional paperwork. Kosinski alleges that decedent called again after her divorced became finaliz on June 5, 2006. The customer service representative who fielded decedent's June call removed Carman as the recipient of decedent's life insurance and 401K but allegedly told decedent that requests to change the recipient of the pension plan's death benefit must be in writing. Kosinski asserts that this was incorrect and the death benefit recipient should have been changed over the phone at that time.

Decedent died on May 6, 2007 and her pension plan beneficiary remained unchanged. Facing competing claims from Kosinski and Carman for the pension plan death benefit, the Verizon Employee Benefits Committee filed a complaint for interpleader to determine the proper recipient of decedent's death benefit.

The call center, as well as other administrative functions for the pension plan, were the responsibility of third-party plan administrator Hewitt. Kosinski alleges, in his third-party

---

[1] It is undisputed that the pension plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). See 29 U.S.C. § 1002(1)

complaint, that Hewitt was negligent[2] and seeks "the sums incurred as counsel fees, costs and related expenses in this litigation and for any monies which are payable or are in fact paid to Timothy Carman as a result of any adverse determinations made in this litigation."

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a 12(b)(6) motion, I must accept as true all well-pleaded allegations of fact, and any reasonable inferences that may be drawn therefrom, in plaintiff's complaint and must determine whether "under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citations omitted). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiffs' obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). A well-pleaded complaint may proceed even if it appears "that recovery is very remote and unlikely." Scheuer v.

---

[2] Kosinski also asserts in his response memorandum that he has a cause of action against Hewitt under ERISA to pursue the fees and costs of the litigation. Presumably Kosinski is referring to 29 U.S.C. § 1132(g)(1) which provides that "[i]n any action under this subchapter . . . by a participant . . . the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." Kosinski is not bringing a cause of action under ERISA; his complaint against Hewitt alleges negligence which is a state law cause of action. The fee-shifting provision available for ERISA actions is not available because this is not an action "under [an ERISA] subchapter."

3

Rhodes, 416 U.S. 232, 236 (1974). When considering a Rule 12(b)(6) motion, I do not "inquire whether the plaintiff[] will ultimately prevail, only whether [he is] entitled to offer evidence to support [his] claims." Nami, 82 F.3d at 65, citing Scheuer, 416 U.S. at 236.

DISCUSSION

The interpleader for the pension plan death benefits is governed by ERISA and thus qualifies for federal question jurisdiction under 28 U.S.C. § 1331. Met Life v. Price, 501 F.3d 271, 277 (3d Cir. 2007). This Court has supplemental jurisdiction for Kosinski's third-party claim pursuant to 28 U.S.C. § 1367 because the claim shares a "common nucleus of operative fact" with the interpleader. United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966); c.f. Prybowski v. U.S. Healthcare, Inc., 245 F.3d 266 (3d Cir. 2001), maintaining pendant jurisdiction over state law claims against physicians and providers while ruling that the original ERISA claim against an HMO which provided federal question jurisdiction was preempted.

Hewitt asserts that the negligence claim should be dismissed because the claim is preempted by ERISA and because it owed no duty to decedent. Kosinski asserts that the claim is not preempted by ERISA because Hewitt "is not a plan fiduciary" and that Hewitt owed a duty of care to decedent.

Section 514(a) of ERISA provides that "[e]xcept as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a). "[T]he phrase 'relate to' [is] given its broad commonsense meaning, such that a state law 'relate[s] to' a benefit plan in the normal sense of the phrase, if it has a connection with or reference to such a plan." Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47

4

(1987), quoting Metro. Life Ins. Co. v. Mass., 471 U.S. 724, 739 (1985), internal quotation marks omitted. The purpose of § 514(a) is to "eliminat[e] the threat of conflicting and inconsistent State and local regulation." N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 657 (1995), quoting 120 Cong. Rec. 29192, 29197 (1974), statement of Representative Dent.

Whether or not Hewitt is an ERISA fiduciary is irrelevant in determining the preemption issue. Prior to 2007, every Court of Appeals which has considered this issue held that a defendant's lack of status as an ERISA fiduciary was not a factor in an ERISA preemption analysis so long as the claim related to an ERISA plan. See Smith v. Provident Bank, 170 F.3d 609, 615-16 (6th Cir. 1999); Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 419 (4th Cir. 1993); Corcoran v. United Healthcare, Inc., 965 F.2d 1321, 1334 (5th Cir. 1992); Consol. Beef Indus., Inc. v. N. Y. Life Ins. Co., 949 F.2d 960, 964 (8th Cir. 1991); Gibson v. The Prudential Ins. Co. of Am., 915 F.2d 414, 418 (9th Cir. 1990); Howard v. Parisian, Inc., 807 F.2d 1560, 1564-65 (11th Cir. 1987).

In 2007, the Court of Appeals for the Third Circuit followed the holdings of these Courts in a case with a similar issue and the identical defendant as the case presently before me. In Kollman v. Hewitt Assoc., LLC et al., 487 F.3d 139 (3d Cir. 2007), a plan beneficiary sued Hewitt for an error of plan administration. Plaintiff Gerald Kollman, an employee of Rohm and Haas Company, inquired of a Hewitt website to determine the amount of a lump sum pension benefit he would receive if he accepted early retirement. Id. at 140-41. The figure, which was calculated by Hewitt and placed on a Hewitt-maintained website, indicated that Kollman was entitled to approximately $522,000. Id. at 140. Kollman verified the $522,000 figure over the

5

phone with a Hewitt call center and elected to accept early retirement.  Id.  However, this figure had not been reduced to account for over $100,000 owed to Kollman's ex-wife.  Id.  Only after his retirement did he learn that the figure was an error.  Id.  Kollman's subsequent efforts to appeal through the internal administrative channels were unsuccessful.  Id.

Kollman sued Hewitt, claiming damages for negligent misrepresentation, negligence, promissory estoppel and breach of contract.  Id. at 142.  The district court dismissed the complaint as preempted under ERISA but allowed Kollman to file an amended complaint.  Id. at 142, citing Kollman v. Hewitt Assoc., LLC, 2003 WL 22331870, at *4 (E.D. Pa. Sept. 22, 2003). Kollman subsequently filed an amended complaint which included a professional malpractice claim against Hewitt.  Id.  The district court ruled that this claim was also preempted by ERISA. Id.  Kollman appealed this ruling, arguing that, because Hewitt was not an ERISA fiduciary, state law claims against it could not be preempted by ERISA.  Id. at 148-49.

The Court of Appeals rejected Kollman's assertion.  Id. at 148.  The Court explained that an "adjudication of Kollman's state law malpractice claim would necessarily require a court to consider the Plan in detail outside the mechanism prescribed by ERISA" which was "precisely what Congress sought to avoid in developing a nationwide scheme for ERISA plans."  Id. at 150, citing 28 U.S.C. § 1132(a).  The claim that Hewitt was not an ERISA fiduciary did not affect that preemption analysis.  Id.  The Kollman Court reasoned that subjecting the administrative agent of an ERISA fiduciary to different state interpretations of the same tort which related to an ERISA plan would "create obstacles to the uniformity of plan administration that was and is one of ERISA's goals."  Id. at 148.  Thus, an ERISA preemption analysis for Kosinski's negligence claim against Hewitt is not governed by whether Hewitt was a fiduciary.  The only relevant

6

inquiry involves the nature of his claim and the manner in which it "relates to" the ERISA pension plan and the goals of ERISA.

"[S]tate law suits concerning either improper processing of claims for benefits, or common-law contract and tort claims, seeking damages under a benefit plan [are] preempted by ERISA[.]" Bell v. UNUMProvident Corp., 222 F. Supp.2d 692, 696 (E.D. Pa. 2002), citing Pilot Life Ins. Co. 481 U.S. at 54. Kosinski alleges a common law tort that seeks unpaid benefits and attorney's fees while ERISA includes remedies for both. See 29 U.S.C. § 1132. A determination of Kosinski's claim would "necessarily require a court to consider the Plan in detail outside the mechanism prescribed by ERISA" which was "precisely what Congress sought to avoid in developing a nationwide scheme for ERISA plans." Kollman, 487 F.3d at 150, citing 28 U.S.C. § 1132(a). Thus, Kosinski's claim of negligence is preempted because it attempts to scrutinize, through the lens of state common law, a federally-regulated plan for which congress intended national uniformity.

Kosinski asserts that his claim of negligence is allowed because the Supreme Court ruled that "run-of-the-mill state-law claims such as unpaid rent, failure to pay creditors, or even torts committed by an ERISA plan" were not preempted by ERISA. Mackey v. Lanier Collection Agency & Serv., Inc., 486 U.S. 825, 833 (1988). The Court of Appeals has clarified this "frequently cited quotation from the Mackey opinion[,]" explaining that common law claims that "do not interfere with the essential role of ERISA" may proceed, whereas claims which "[go] to the essence of the function of an ERISA plan" may not. Kollman 487 F.3d at 150. Like the claim of professional malpractice in Kollman for an administrative error, the determination of whether Hewitt was negligent when it made the alleged administrative error "goes to the

7

essence" of the pension plan.

As it is undisputed that the pension plan is governed by ERISA and whether Hewitt is a plan fiduciary or owed a duty to decedent is immaterial in determining ERISA preemption, I conclude that Kosinski's claim of common law negligence for Hewitt's plan administration is preempted by ERISA. I will therefore grant Hewitt's motion to dismiss.[3]

An appropriate Order follows.

---

[3] Because I am granting Hewitt's motion on other grounds, I need not consider whether Hewitt owed a duty to decedent.