IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE VERIZON EMPLOYEE BENEFITS COMMITTEE | : | CIVIL ACTION |
| | : | |
| | : | NO. 08-04202 |
| v. | : | |
| | : | |
| EDWARD KOSINSKI, et al. | : | |

O'NEILL, J.                                                                                                                  March 3, 2010

## MEMORANDUM

The Verizon Employee Benefits Committee has filed this interpleader action requesting that the Court decide to which of the defendants it should disburse a pre-retirement death benefit it currently holds in the name of a former Verizon Pennsylvania employee Loretta Kosinski. It has named Edward Kosinski[1], Richard J. Kocka[2], Gerard A. Kosinski, Stephen J. Kosinski, Timothy J. Carman and the Estates of Loretta Kosinski and Kasia Kocka as defendants. Presently before me are plaintiff's amended complaint for interpleader (Doc. 30), defendant Edward Kosinski's motion for summary judgment[3] (Doc. 26), plaintiff's response (Doc. 29), defendant Timothy Carman's response (Doc. 30) and defendant Edward Kosinski's replies to defendant Carman's response (Doc. 32 ) and plaintiff's response (Doc. 33). On March 2, 2010, I heard oral argument. For the following reasons, I will grant Kosinski's motion for summary judgment against Carman and accept the suggestion of the remaining parties that they be given some time to discuss the possibility of settlement.

---

[1]   Edward Kosinski is named individually and as the personal representative of the Estate of Loretta Kosinski.

[2]   Richard J. Kocka is named as the personal representative of the Estate of Kasia Kocka.

[3]   With the exception of Carman, all defendants join Edward Kosinski's motion for summary judgement.

BACKGROUND

Loretta Kosinski was an employee of Verizon Pennsylvania and, by virtue of her employment, a participant in the Verizon Pension Plan for Mid-Atlantic Associates. On November 4, 2000, she completed a pension beneficiary designation form naming Timothy J. Carman, her then-husband, as the primary beneficiary of her death benefit under the plan. On May 3, 2006, in light of Loretta's pending divorce from Carman, she telephoned the plan administrator to determine how she could remove Carman as her beneficiary. She was told that because the divorce had not been finalized she could not remove Carman without his consent. On May 23, 2006, the divorce decree was signed by the Philadelphia County Court of Common Pleas. She called the plan administrator on June 5, 2006 to renew her request to remove Carman as her beneficiary. The plan administrator with whom she spoke erroneously informed her that she could not change her beneficiary over the phone. That administrator promised to mail Loretta the necessary forms but never did so. There is no evidence to suggest that Loretta took any additional steps to secure a beneficiary change.

Lorretta died on May 4, 2007. At that time, Carman was still named as her beneficiary. On September 20, 2007, the Verizon Claims Review Unit ("VCRU") issued a letter to the attorney representing Loretta's estate advising him that Carman was the named beneficiary and providing instructions on how to challenge that designation. On October 29, 2007, Edward Kosinski, Loretta's brother, filed a claim with the VCRU on behalf of Loretta's estate arguing that Loretta's intent to change her plan beneficiary was apparent. The VCRU, by a letter dated March 5, 2008, denied the estate's claim. Edward then appealed to the Verizon Claims Review Committee ("VCRC"). The VCRC considered the appeal to be on behalf of both Edward

individually and Loretta's Estate. The VCRC also understood Carman to be asserting a claim to the pre-retirement death benefit under the plan. On August 20, 2008, the VCRC denied the appeal and notified Edward that because of the competing claims to Loretta's death benefit it had authorized the filing of the complaint in interpleader that brings this case before me now. In the current proceedings, plaintiff has expressly disclaimed any right to the death benefit.

STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." An issue of material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The party moving for summary judgment has the burden of demonstrating that there are no genuine issues of material fact. Id. at 322-23. If the moving party sustains the burden, the nonmoving party must set forth facts demonstrating the existence of a genuine issue for trial. See Anderson, 477 U.S. at 255.

When a properly supported motion for summary judgment is made, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The adverse party must

raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion and cannot survive by relying on unsupported assertions, conclusory allegations, or mere suspicions. Williams v. Borough of W. Chester, 891 F.2d 458, 460 (3d Cir. 1989). However, the "existence of disputed issues of material fact should be ascertained by resolving all inferences, doubts and issues of credibility against" the moving party. Ely v. Hall's Motor Transit Co., 590 F.2d 62, 66 (3d Cir. 1978), citations and quotation marks omitted.

DISCUSSION

This case presents two issues for my review. First, I must decide whether Carman has any claim to the death benefit. Second, I must decide to whom the death benefit should be disbursed. At oral argument, however, counsel for the Kosinski family suggested that if summary judgment is granted against Carman, the remaining parties may be able to reach a settlement with respect to the second question.

I.   Carman Has No Claim to the Death Benefit

   A.   Legal Standard

The Kosinski family argues that the plain language of the plan provides for termination of a spouse's right to plan benefits upon divorce and therefore that they are due judgment as a matter of law. Carman argues that summary judgment is inappropriate at this stage because no discovery has been conducted and there is a genuine issue of material fact as to whether the plan is applicable and, if so, whether it is the only applicable policy statement.

The interpretation of the plan is a matter of law appropriate for disposition by the Court. See Acme Markets, Inc. v. Fed. Armored Exp., Inc., 648 A.2d 1218, 1220 n.4 (Pa. Super. Ct. 1994) (citing Halpin v. Lasalle Univ., 639 A.2d 37, 39 (Pa. Super. Ct. 1994) ("[t]he interpretation

of a contract is a question of law.")). The plan states in relevant part that "the provisions of this restated plan document are effective January 1, 1999, and apply only with respect to Employees who perform services for the Company or an Affiliate on or after such date and who are Participants in this Part I of the Verizon Pension Plan for Mid-Atlantic Associates (the "Plan")." Verizon Pension Plan for Mid-Atlantic Associates § 1.2(a) (restated effective Jan. 1, 1999; reflects amendments through Nov. 30, 2007) (Pl.'s Exh. A). It is not disputed that Loretta was an employee who performed services for the company after January 1, 1999 and was a participant in the plan. Indeed, both plaintiff and the Kosinski family have provided a plethora of correspondence from the VCRU and VCRC discussing Loretta's rights under the plan. There is no reference in that correspondence to any other applicable policy statement and both the VCRU and the VCRC decided the claims under the plan. Moreover, plaintiff's counsel represented at oral argument that this plan, and only this plan, governs the disbursal of Loretta Kosinski's death benefit.

In addition to the plain language of the plan and plaintiff's counsel's representations, I note that in the interpleader complaint plaintiff alleged that

> 1. Plaintiff The Verizon Employee Benefits Committee (the "Committee" or "Plaintiff") is the plan administrator and a named fiduciary of the Verizon Pension Plan for Mid-Atlantic Associates (the "Plan") as that term is defined by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). The Committee has delegated the responsibility for the Plan's day-to-day administration to the pension administration department within the human resources department of Verizon Communications Inc. ("Verizon"), which is a Delaware corporation with a principal office located in Basking Ridge, New Jersey.
> 2. The Plan is a pension plan subject to and covered by ERISA. A true and correct copy of the Plan, excluding tables and

5

> exhibits, is attached as Exhibit A.
>
> . . . .
>
> 10. At all relevant times, Loretta Kosinski was an employee of Verizon Pennsylvania, an affiliate of Verizon. By virtue of her employment with Verizon Pennsylvania, Loretta Kosinski was a participant in the Plan.

Compl. for Interpleader ¶¶ 1, 2, 10. All three of these allegations were admitted without qualification by Carman. Answer ¶¶ 1, 2, 10. This constitutes a judicial admission that the plan document attached as exhibit A to the interpleader complaint contains the policy applicable to this case. See Sovereign Bank v. BJ's Wholesale Club, Inc., 533 F.3d 162, 181 (3d Cir. 2008) (citing Parilla v. IAP Worldwide Serv., VI, Inc., 368 F.3d 269, 275 (3d Cir. 2004), for the proposition that "[j]udicial admissions are formal concessions in the pleadings, or stipulations by the party or its counsel, that are binding upon the party making them."). Accordingly, I find that the plan attached as exhibit A to the amended complaint governs this dispute.

To the extent that Carman attempts to raise a genuine issue of material fact as to the existence of other potentially conflicting policy statements, he has failed to produce even a scintilla of evidence in support of his assertion. See Williams, 891 F.2d at 460 ("a non-moving party must adduce more than a mere scintilla of evidence in its favor").

B.  Application

Having determined that the plan governs the disposition of this case, I must decide whether the plan precludes awarding the proceeds of Loretta's death benefit to Carman. The Kosinski family cites section 7.3(c) for the proposition that Carman's eligibility to receive the proceeds of the death benefit was terminated upon his divorce from Loretta. Section 7.3(c) states in relevant part:

> [a]ny election to waive the spouse's eligibility for the death benefit may be revoked by the Participant during the election period (as defined above) by giving written notice on a form approved by the Plan Administrator. Following such revocation, another waiver under this Section may be made at any time during said Election Period. A revocation of a prior waiver may be made by a Participant, without the consent of the spouse, at any time during said Election Period. Any actual or constructive election which purports to make a spouse eligible for the death benefit will automatically be revoked, and the spouse shall cease to be eligible to receive a death benefit in case of any subsequent death of the Participant, if and when that spouse is divorced, except to the extent ordered to the contrary by a qualified domestic relations order. . . .

Verizon Pension Plan for Mid-Atlantic Associates § 7.3(c). Plaintiff, whose position in this case is neutral, agrees with the Kosinski family's interpretation of section 7.3(c). Plaintiff notes that "application of [section 7.3(c)] seriously undercuts Mr. Carman's claim for payment of the death benefit." Pl.'s Br. at 5. Plaintiff also notes, however, that it "stops short of completely endorsing Edward Kosinski's argument . . . because [he] did not raise Section 7.3 in any of his administrative claims or appeals, and . . . the applicability of Section 7.3(c) was not considered by the Plan during the administrative review process which preceded the filing of this interpleader action." Id. (citations omitted).

I find that section 7.3(c) operates to preclude Carman from receiving Loretta's death benefit. The plain language of that section states that eligibility is automatically terminated upon divorce. In other words, even if Loretta did not complete the technical requirements necessary to change her beneficiary before she died, upon the filing of the divorce decree Carman became ineligible to receive those benefits. I note that the Kosinski family's failure to raise the applicability of section 7.3(c) in its initial claim and subsequent appeal has no effect on my decision here. It certainly may explain why the VCRU decided the initial claim against the

7

Kosinski family but the family is not barred from making that argument for the first time in this Court. Accordingly, I will grant summary judgment in favor of Edward Kosinski and against Timothy Carman.

II. The Parties Will Be Given Time to Explore Settlement

The ultimate question in this case is to whom the death benefit should be distributed. At oral argument, counsel for the Kosinski family represented that if judgment were granted against Carman settlement discussions might be productive. I will thus hold under advisement the remaining question as to whom the death benefit should be distributed and grant the parties thirty days to explore settlement.

An appropriate Order follows.